**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| VASILY G. YASENYEV | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-19-3607 |
| | § | |
| COTTINGHAM & BUTLER CLAIM | § | |
| SERVICES, INC., *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court is plaintiff Vasily G. Yasenyev's motion to remand. Dkt. 15. Defendants responded. Dkt. 16. Having considered the pleadings and applicable law, Yasenyev's motion should be **DENIED**.

## I. BACKGROUND

On July 26, 2019, Yasenyev sued Defendants in the 189th District Court of Harris County, Texas for injuries sustained in a motor vehicle accident with an uninsured motorist. Dkt 15 at 1. Defendants properly removed the lawsuit to this court on September 24, 2019, on the basis of diversity jurisdiction. Dkt. 1 at 2.

On May 20, 2020, Yasenyev purportedly filed an amended petition in the 189th District Court of Harris County. Dkt. 16-3. Yasenyev filed a motion to remand on the same date arguing this court no longer had subject matter jurisdiction because Yasenyev's amended state court petition asserted that less than $75,000, excluding interest and costs, would be sought at trial. Dkt. 15 at 1-2. Defendants oppose remand because Yasenyev's amended petition was improperly filed, and even

if properly filed, cannot divest this court of juridiction simply by alleging an amount in controversy below the jurisdictional threshold.  Dkt. 16 at 2.

## II.  LEGAL STANDARD

A party may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441.  The party seeking removal bears the burden of establishing federal jurisdiction.  *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).  This statutory right to removal is strictly construed because "removal jurisdiction raises significant federalism concerns."  *Id.* (citations omitted).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "[A]ny doubt about the propriety of removal must be resolved in favor of remand."  *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

Jurisdictional facts must be judged at the time of removal, and while post-removal affidavits and pleadings may be considered in determining the amount in controversy at the time of removal, such papers may be considered only if the basis for jurisdiction is ambiguous at the time of removal. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

"[O]nce the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction." *Id.* (citing *St Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938)). In fact, "[o]nce a case has been properly removed, there is very little that a plaintiff can do that will defeat federal subject-matter jurisdiction and force a remand to state court."  14C Wright & Miller, *Federal Practice & Procedure* § 3721 (Rev. 4th ed.)

### III. ANALYSIS

At the time of removal, Yasenyev's complaint expressly sought damages in excess of $75,000. Dkt 1-3 at 20 ("Plaintiff shall ask the jury to award over $250,000.00 but not more than $1,000,000.00 in the aggregate for all elements of recovery."). Yasenyev now seeks remand to the 189th District Court because he filed an amended petition in the state court alleging damages less than $75,000. Dkt 15. However, "federal procedural rules govern a case that has been removed to federal court." *Smith v. Bayer Corp.*, 564 U.S. 299, 304 n.2 (2011) (citing *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010)). Yasenyev has not sought leave to amend his complaint under Federal Rule of Civil Procedure 15 (or any other federal rule permitting amendment of pleadings), therefore his original petition, which seeks damages in excess of $75,000, remains operative. Thus, this court retains subject matter jurisdiction because all of the requirements for diversity jurisdiction continue to be met.

### IV. CONCLUSION

For the reasons stated above, Yasenyev's motion to remand (Dkt. 15) is **DENIED**.

Signed in Houston, Texas on June 19, 2020.

_____

Gray H. Miller
Senior United States District Judge

3